MEMORANDUM AND ORDER
 

 NICKERSON, District Judge:
 

 Plaintiff brought this action as the administratrix of the estates of her husband and daughter, passengers killed in a 1987 crash of an Ilyushin-62M jet airplane near Warsaw, Poland. The complaint alleges that the jet was operated by defendant LOT Polish Airlines (LOT) and was manufactured and sold to LOT by defendant Union of Soviet Socialist Republics, by its Ministry of Civil Aviation (the Ministry), Ilyushin Design Bureau (Ilyushin Bureau), and Soloviev Design Bureau (Soloviev Bureau) (hereinafter collectively “the USSR”).
 

 Plaintiffs have moved for a default judgment against the USSR. The USSR has cross-moved to dismiss the complaint against it for lack of jurisdiction under the Foreign Sovereign Immunities Act (“the Act”).
 

 This case has a long history, most of which is summarized in this court’s April 5, 1995 Memorandum and Order. The court there noted that it has jurisdiction over the USSR only if its conduct falls within one of the exceptions to the Act, in this case only if the action against the USSR is based upon some commercial activity by the USSR in the United States.
 

 After reviewing the evidence produced over five years, the court concluded that the USSR had made a
 
 prima facie
 
 showing that it did not conduct any such activity in the United States. This conclusion was based in part on LOT’s answers to interrogatories stating that LOT personnel, not the USSR, conducted all maintenance on the aircraft and engines in the United States. Because
 
 *201
 
 LOT’s answers to the interrogatories constituted hearsay, the court directed the parties to depose a suitable representative of LOT as to whether it conducted all such maintenance in the United States. The court reserved decision on both motions until the completion of the deposition.
 

 Over the course of the past seventeen months, plaintiffs have had ample opportunity to explore the facts that might support a finding that this court has jurisdiction over the USSR. On November 20, 1995, Magistrate Judge John L. Caden issued an order directing LOT “to produce records showing maintenance and servicing in the United States of the engines of the subject aircraft within seven years before the crash.” The Magistrate Judge issued a second order dated November 28,1995 directing Bogdan Piatkowski, a representative of LOT, to testify in a deposition and ordering LOT to produce the names, addresses, and current employers of all engineers it employed in the United States within seven years before the crash. By Memorandum and Order dated February 6, 1996, over LOT’s objections, this court affirmed the Magistrate Judge’s order of November 28.
 

 On August 6, 1996, after plaintiffs had deposed Piatkowski, the Magistrate Judge denied plaintiffs’ motion for permission to conduct further discovery of the USSR. Plaintiffs have appealed the Magistrate Judge’s order, arguing that Piatkowski lacked personal knowledge of the pertinent facts. They now wish to have the USSR answer eight additional interrogatories as well as produce documents corresponding to these interrogatories. Five of the eight interrogatories seek information concerning the role played by three USSR engineers stationed in Warsaw to provide technical assistance to LOT. The other three seek details concerning the source of information given in the answers.
 

 None of the proposed interrogatories asks who serviced the subject aircraft and engines in the United States. At oral argument on September 27, 1996 plaintiffs’ counsel indicated that she wished to depose Aleksander Budzynski, a LOT mechanic who was actually stationed at John F. Kennedy International Airport in New York from April, 1985 through 1987 to determine whether representatives of the USSR ever performed service or overhaul activity in the United States.
 

 On September 24,1996 the USSR responded that Piatkowski’s testimony is based on personal familiarity with LOT maintenance procedures and a review of the relevant documents. The USSR also says that plaintiffs’ additional interrogatories are not pertinent to the jurisdictional issue and that the court should now grant its motion to dismiss.
 

 I
 

 The complaint alleges the following relevant facts. On May 9,1987 LOT operated an Ilyushin aircraft on a flight from Warsaw, Poland, destined for John F. Kennedy International Airport in New York. The USSR by its Ministry and Ilyushin Bureau and Soloviev Bureau designed, manufactured, inspected, overhauled, and serviced the “subject aircraft” and its four engines and sold it to LOT with instructions as to operating, servicing and overhauling the aircraft and the engines. The USSR was engaged in substantial commercial activities in the United States, including “the servicing of said Ilyushin aircraft and engines.”
 

 On May 9, 1987 the aircraft crashed soon after taking off from Warsaw, causing the death of plaintiffs two decedents. LOT was negligent and committed willful misconduct. The USSR also was negligent and committed willful misconduct in designing, manufacturing, inspecting, and servicing the aircraft and the engines and in failing to warn plaintiffs decedents that they were defective.
 

 II
 

 The relevant provision of the Act, 28 U.S.C. § 1605, states:
 

 (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
 

 (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United
 
 *202
 
 States in connection with a commercial activity of the foreign state elsewhere
 

 In
 
 Filus v. Lot Polish Airlines,
 
 907 F.2d 1328 (2d Cir.1990), the Second Circuit said that this court has jurisdiction over the USSR only “[i]f a Soviet entity negligently overhauled or serviced this aircraft or its engines in the United States and that negligence caused or contributed to the crash[.]”
 
 Id.
 
 at 1333.
 

 A
 

 At Piatkowsld’s deposition, plaintiffs’ counsel did not ask whether LOT had conducted all maintenance of the aircraft and engines in the United States. The Magistrate Judge later gave plaintiffs an opportunity to recall Piatkowski and ask him that question. Plaintiffs declined to do so.
 

 By telephonic Order issued during the deposition, the Magistrate Judge ruled, apparently because of time limits on the deposition, that only plaintiffs’ attorney could ask questions of Piatkowski. On December 10, 1996, Piatkowski submitted an affidavit stating the following facts.
 

 At the time of the accident LOT stationed two full time engineers at John F. Kennedy International Airport in New York. Their job was to inspect and service LOT aircraft during “turn-around” operations. LOT did not station any engineers in Chicago and Detroit, but would dispatch LOT engineers from either Warsaw or New York to perform inspections and maintenance at these airports as required.
 

 Based on his personal familiarity with LOT’s procedures governing repair and maintenance of aircraft and engines at foreign airports, Piatkowski said that LOT did not use the services of the USSR, any Soviet Ministry, or any Soviet company or citizen to repair, maintain or service LOT aircraft in the United States. If major repairs were required, LOT would dispatch their own engineers and mechanics from Warsaw to perform the work.
 

 What overhaul and servicing the USSR did perform was conducted entirely in the USSR. Every 3000 hours of flight time, LOT airline personnel removed the Soviet manufactured engines from the aircraft and sent them to the USSR for overhaul. After the overhaul the USSR would return the engines and issue a certificate of fitness which LOT employees recorded in a logbook.
 

 The USSR also stationed consultants at the Polish Airlines Operations Center in Warsaw. LOT engineers in the United States would sometimes call or telex the Operations Center to ask for technical advice or discuss mechanical problems. LOT personnel receiving these calls or telexes would, if necessary, discuss the problem with the USSR consultant stationed in Warsaw. Answers to the questions or official instructions would then be telephoned or telexed back to the United States and recorded in the engine logbook by LOT personnel.
 

 Plaintiffs contend that Piatkowski lacks personal knowledge of whether the USSR overhauled or serviced the aircraft and engines in the United States. Piatkowski is familiar with LOT’s maintenance procedures in the United States and has reviewed the relevant documents in LOT’s files.
 

 Piatkowski has been a LOT engineer since 1965. Over the past thirty years, he has held posts both abroad and in LOT’s Engineering Department in Warsaw. Between 1971 and 1976, Piatkowski was the LOT station manager at London’s Heathrow airport, supervising all aspects of operations including any work performed by LOT’s flight engineers. Between 1976 and 1985, Piatkowski worked in Warsaw as a senior engineer responsible for preparing a variety of technical documentation that included maintenance schedules, maintenance tasks and special checks. From 1986 until 1990, Piatkowski was the LOT station manager in Delhi, India and since 1990, Piatkowski has been a senior engineer with LOT in Warsaw.
 

 Piatkowski not only testified that it his duty to know the procedures followed by mechanics and engineers at John F. Kennedy Airport in New York, but he reviewed the logbooks for the aircraft and the engines, and the “technical flight reports” compiled for the aircraft. There is no reason to doubt Piatkowski’s familiarity with LOT’s maintenance
 
 *203
 
 and servicing procedures in the United States. The court considers him a “suitable” LOT representative to state the pertinent facts at issue.
 

 B
 

 Plaintiffs advance new arguments that the court has jurisdiction over the USSR. They say that the court has jurisdiction if USSR consultants outside the United States provided any written or verbal technical assistance to LOT engineers in New York. The proposed interrogatories concern the details of such communications and ask whether any of the technical specialists ever travelled to the United States. Plaintiffs also suggest there is legal support for the contention that the court has jurisdiction simply because the USSR designed and sold the subject aircraft to Polish Airlines to fly them in the United States.
 

 The further discovery sought by plaintiffs is unwarranted. The only question posed by the Court of Appeals has been answered by Piatkowski. LOT employees performed all regular maintenance tasks in the United States, and the USSR performed major engine overhauls in the USSR. Even if the USSR consultants communicated directly with LOT engineers stationed in the United States, this would not be a basis for jurisdiction. Such advice to LOT engineers stationed in New York does not rise to the level of “commercial activity in the United States.” Nor does it constitute an “act in the United States in connection with a commercial activity of the foreign state elsewhere.” There is no proof that the USSR serviced or overhauled the engines or aircraft in the United States. This court thus lacks jurisdiction over the USSR.
 

 Ill
 

 The Magistrate Judge’s Order denying plaintiffs further jurisdictional discovery is affirmed. The plaintiffs’ motion for default judgment is denied. The defendant USSR’s motion to dismiss is granted.
 

 So ordered.